ROBERT MURPHY *v.* THE POLICE JURY (Right Bank) et als.

Plaintiff leased from Municipality No. One "the privilege of the ferry front of Municipality No. One." *Held:* If this be an exclusive privilege at all, it is only so as regards the landing on the left side of the river—for the opposite bank was no part of the front of Municipality No. One, as defined in the first section of its Act of incorporation.

APPEAL from the Second District Court of New Orleans, *Lea*, J.

*W. E. Murphy*, for plaintiff and appellant:

The ordinance of the Second Municipality establishing said ferry, fixes her landing on the other side at "a point opposite her place of starting," the defendants had no right to change the same, and that said ferry should make that landing to a point at right angles to the Levee, and perpendicular to and opposite the street from which it starts. *Municipality No. 2 v. Municipality No. 1*, 17 La., 576. All of which has been recognized and acquiesced in, by the defendants, as appears by the ordinance of said Police Jury, of July 6th, 1846, (p. 22,) which was in force when the other defendants acquired their ferry privileges.

A concurrent power in two distinct corporations to regulate the same thing is inconsistent in principle and impracticable in action. *McCollogh v. The State of Maryland*, 4 Wheaton, 487. That to conclude, that the State law conferred concurrent power on two independent corporations to regulate and control the same thing, to pull down what one had a right to build up, to destroy what the other had a right to establish and preserve, would be to conclude an absurdity. In the words of Justice McLean in the case of *Smith v. Turner*, 7 Howard, 399 : "A concurrent power in two distinct sovereignties, [Corporations] to regulate the same thing, is as inconsistent in principle as it is impracticable in action. It involves a moral and physical impossibility. A joint action is not supposed, and two independant wills cannot do the same thing. The action of one, unless there be an arrangement, must necessarily precede the action of the other, and that which is first, being competent, must establish the rule."

*John Culbertson*, and *Durant & Hornor*, for defendant.

BUCHANAN, J. The demand of plaintiff for damages for a trespass and tort, is based entirely upon the assumption that the Act of 1836 to divide the city into municipalities, section 18, conferred upon each of the municipalities, the

"exclusive" right to establish ferries across the Mississippi river, in front of this city, and to regulate the same. The words of the Act do not bear this construction. They are, "the City Council of each municipality of the city of New Orleans, shall have power to establish as many ferries across the Mississippi river as the convenience of the people may make necessary, and to regulate the same."

It is true, the Legislature of the State by an Act passed in 1827, (p. 20,) had granted to certain individuals the exclusive privilege of a ferry in front of the city and its suburbs, for the space of five years. And in 1833, (p. 147,) the State granted to certain other individuals, a like exclusive privilege for ten years. But those privileges both ran out before the plaintiff acquired any rights in the premises. He does not claim under those exclusive grants from the State, but under a lease from Municipality No. One, of "the privilege of the ferry front of Municipality No. One." If this be an exclusive privilege at all, it is only so as regards the landing on the left side of the river, for the opposite bank was no part of the "front of Municipality No. One," as defined in the first section of its Act of incorporation. Acts of 1836, pages 28 and 29.

The Police Jury of the right bank of the river, had the right to regulate the ferry landings on that bank, which is a matter of police; and their ordinance of 1846, cannot be properly regarded as a contract between them and the plaintiff, which vested a right that could not afterwards be modified without his consent. If indeed, the Police Jury had deprived plaintiff of access to the right bank of the river, by prohibiting his landing on that side, or embarrassing him in landing to such an extent as would have been a prohibition to land his boats, then this would justly have been considered a violation of the legal rights of the plaintiff under his lease from the Municipality No. One; for it seems essential to a ferry, that there should be a landing on both sides of a river or stream. But such a state of facts is not at all presented by the pleadings, evidence or argument, in this cause.

Judgment affirmed, with costs in both courts.